**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

**GEORGE FLINTON**

                                **Plaintiff,**        **CASE NO.:**

          **v.**

**U.S. SAFETY, INC.,**                       **JURY TRIAL DEMANDED**
and **FRANK SUBZDA**, Individually,

                          **Defendants.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, GEORGE FLINTON ("Flinton" or "Plaintiff"), by and through his undersigned counsel, sues Defendant, U.S. SAFETY, INC. ("U.S. Safety") and FRANK SUBZDA ("Subzda") (collectively "Defendants") and states as follows:

### NATURE OF ACTION

1.      Plaintiff brings this action against Defendants, his employer, for failure to pay overtime compensation in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

### JURISDICTION

2.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1343.

3.      At all times material to this action, Defendant U.S. Safety is a Florida Profit Corporation. Defendant U.S. Safety is subject to the personal jurisdiction of the United States District Court because it engages in substantial and not isolated activity within this judicial district. Defendant is also subject to the personal jurisdiction of the United States District Court

because it operates, conducts, engages in, and/or carries on business in the Middle District of Florida. Specifically, Defendant's principal place of business is located at 856 South Town & River Dr., Fort Myers, Florida, 33919.

## FLSA COVERAGE

4.     At all times material, Defendant U.S. Safety employed at least two or more employees who handled, sold, or otherwise worked with goods or materials that had once moved through interstate commerce.

5.     At all times material, Defendant U.S. Safety had a gross sales volume of at least $500,000 annually.

6.     At all times material, Defendant U.S. Safety was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

7.     By virtue of having held and/or exercised the authority to: (a) hire and fire employees of U.S. Safety; (b) determine the work schedules for the employees of U.S. Safety; and (c) control the finances and operations of U.S. Safety, Defendant Subzda, is an employer as defined by 29 U.S.C. §201 *et. seq.*

8.     At all times material to this action, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

9.     At all times material to this action, Defendants were Plaintiff's "employers" within the meaning of the FLSA.

10.     At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage under the FLSA in that:

    a.  The products and materials that Plaintiff used on a constant and continual basis, which were supplied to him by his employers to use on the job, moved through

interstate commerce; and

b.   Plaintiff regularly placed and received calls to and from out-of-state clients, prospective clients, subcontractors, suppliers, as well as purchased tools and supplies to further Defendants' business purposes, and used the internet and Defendants' computer system to perform his job duties.

11.   At all times material hereto, the work performed by the Plaintiff was essential to the business performed by Defendants.

## VENUE

12.   Venue is proper in the United States District Court for the Middle District of Florida based upon the following reasons:

a.   The unlawful pay practices alleged herein occurred in Fort Myers, Florida, in the Middle District of Florida.

b.   At all times material hereto, Defendant U.S. Safety was and continues to be a Florida Corporation registered with the Florida Department of Corporations, with a Florida Registered Agent and a license to do business within this judicial district.

c.   Defendants employed Plaintiff in the Middle District of Florida.

## PARTIES

13.   At all times material hereto, Plaintiff was a resident of Lee County, Florida, in the Middle District of Florida.

14.   Defendant U.S. Safety was, and continues to be, a Florida Corporation, engaged in the transaction of business in Lee County, Florida, with its principal place of business located in Fort Myers, Florida.

3

15.     Upon information and belief, at all times material to this action, Defendant Subzda was, and continues to be, a resident of Lee County, Florida.

**COUNT I**
**VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)**

16.     Plaintiff realleges Paragraphs 1 through 15 as fully stated herein.

17.     At all times material hereto, Defendant U.S. Safety was a Safety and Health Management Services Corporation. Defendants evaluate, develop, and administer safety and health programs for clients.

18.     Defendants hired Plaintiff in October of 2015.

19.     Plaintiff was hired by Defendants to work in the position of "Safety Consultant."

20.     Plaintiff's responsibilities included meeting with customers, inspecting jobsites, providing customers with reports regarding safety improvements and advice regarding OSHA standards. Additionally, Plaintiff taught safety classes for Defendants' customers and also certified the customers' employees on the operation of heavy machinery and other equipment.

21.     Plaintiff was terminated on July 29, 2019.

22.     During his employment, Plaintiff was paid on an hourly basis.

23.     Since Plaintiff's date of hire with Defendants, in addition to Plaintiff's normal regular work week, Plaintiff worked additional hours in excess of forty (40) per week for which he was not compensated at the statutory rate of time plus one-half the regular rate for all hours actually worked.

24.     To avoid the payment of overtime compensation, Defendants had a policy and practice to "roll" Plaintiff's overtime hours over to a following workweek. Once Plaintiff worked less than 40 hours in a week, Defendants would then add the previous overtime hours to his timesheet, paying him his regular hourly rate.

25.     Plaintiff was entitled to be paid at the rate of time and one-half his regular hourly rate for all hours worked in excess of the maximum hours provided for in the FLSA.

26.     Defendants failed to pay Plaintiff overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

27.     Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by Defendants' failure to compensate Plaintiff at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

28.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

29.     Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff has suffered damages in an amount not presently ascertainable of unpaid overtime wages, plus an equal amount of liquidated damages.

30.     Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE,** Plaintiff respectfully requests that judgement be entered in his favor against Defendants:

a.   Declaring that Defendants have violated the maximum hour provisions of 29 U.S.C. § 207;

b.   Awarding Plaintiff overtime compensation in amounts according to proof;

c.   Awarding Plaintiff liquidated damages in an equal amount to unpaid overtime;

d.   Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e.   Awarding Plaintiff post judgement interest; and

f.   Ordering any other and further relief this Court deems to be just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable as of right.

Dated: August 19, 2019

Respectfully submitted,

/s/  Jason L. Gunter
Jason L. Gunter, Esq.
Florida Bar No.: 0134694
jason@gunterfirm.com
Conor P. Foley, Esq.
Florida Bar No.: 111977
conor@gunterfirm.com

**GUNTERFIRM**
1514 Broadway, Ste. 101
Ft. Myers, FL 33901
Telephone: (239) 334-7017
Facsimile: (239) 236-8008